IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, § | | |
|    Plaintiff, § | | |
| § | | |
| v. § | | Cr. No. C-05-418 (1) |
| § | | |
| SECUNDINO MATA, § | | |
|    Defendant. § | | |

## ORDER

Pending before the court is a letter motion for copies of documents and transcripts, filed by Defendant Secundino Mata ("Mata") on June 22, 2006. He requests that the Clerk provide him with copies of his sentencing transcript as well as portions of his criminal record and the docket sheet in his criminal case. It is not clear whether he is requesting these documents at government expense or wants to pay for them. On the one hand, he asks for the documents pursuant to 28 U.S.C. § 753(f), which is a provision allowing transcripts to be prepared at government expense. On the other, he states that he is "requesting for a price quote" on the items he wants. He claims that he needs to obtain the documents and transcripts in order to file a motion attacking his sentence under 28 U.S.C. § 2255.

Assuming that Mata could establish that he is indigent,[1] an indigent defendant has a statutory right to free court documents, including transcripts, in particular circumstances. See 28 U.S.C. § 753(f); United States v. MacCollum, 426 U.S. 317 (1976). The defendant must establish, however, that the documents are needed to decide an issue in a pending suit and that the suit is not frivolous. 28 U.S.C. § 753(f).

---

[1] Mata has not submitted an affidavit of indigency, nor any financial information concerning his prison account or his financial condition. Because the Court resolves his motions on other grounds, it does not need to make a determination at this time as to whether Mata is, in fact, indigent.

Mata was sentenced on December 14, 2005. (D.E. 93). Judgment of conviction was entered against him on December 27, 2005. (D.E. 95). He did not appeal and has not yet filed any post-conviction motions. Thus, he has no pending suit before the Court and has not yet filed any post-conviction motions for relief. Although he claims to need the transcripts in order to file a § 2255 motion, no such motion has yet been filed. Accordingly, he fails to meet the statutory requirements for free transcripts. 28 U.S.C. § 753(f); see also United States v. Herrera, 474 F.2d 1049, 1049-50 (5th Cir. 1974) ("This Court has consistently held that a federal prisoner is not entitled to obtain copies of court records at the government's expense to search for possible defects merely because he is indigent.").

Thus, to the extent Mata is seeking documents and transcripts at government expense, his motion is DENIED.

If Defendant is interested in receiving specific transcripts or documents at his own expense, he may contact the Clerk to request them. To that end, the Clerk is directed to provide Mata with a copy of the docket sheet in his case, as well as instructions as to how to order transcripts or to purchase copies of records.

Finally, the Court also notes that Mata is not precluded from filing a § 2255 motion merely because he does not have transcripts from his case. Indeed, § 2255 motions are frequently filed without the benefit of transcripts.

ORDERED this 30th day of June, 2006.

_____
Janis Graham Jack
United States District Judge